IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM D. WOLDMAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | NO. 06 C 5786 |
| RITEWAY-HUGGINS CONSTRUCTION | ) | |
| SERVICES, INC., a corporation, f/k/a | ) | JUDGE SAMUEL DER-YEGHIAYAN |
| RITE-WAY CONSTRUCTION | ) | |
| SERVICES, INC., | ) | MAGISTRATE JUDGE ASHMAN |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO REOPEN CASE FOR THE LIMITED
PURPOSE OF ENFORCING THE TERMS OF A CONSENT DECREE, ENTERING
JUDGMENT AGAINST DEFENDANT, RITEWAY-HUGGINS CONSTRUCTION
SERVICES, INC. AND LARRY HUGGINS, INDIVIDUALLY, AND FOR AN ORDER
DIRECTING DEFENDANT TO TURN OVER MONTHLY FRINGE BENEFIT
CONTRIBUTION REPORTS**

NOW COME Plaintiffs, William D. Woldman, *et al.,* by their attorneys and move the Court for entry of an order reopening this action for the limited purpose of enforcing the terms of a Consent Decree entered by this Court on July 30, 2007 and for an order directing Defendant to turn over its monthly fringe benefit contribution reports due Plaintiffs for the time period May 2007 through the present date. In support of the Motion, Plaintiffs state as follows:

1. This action was originally brought by the Plaintiffs, as Trustees of the jointly administered, labor management employee benefit plans collectively known as the Teamsters Local 731 Fringe Benefit Funds, alleging, *inter alia*, that Defendant breached its obligations under the terms of the Collective Bargaining Agreement entered into with the Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants, and Linen and Laundry, Local Union No. 731, affiliated with the International Brotherhood of Teamsters and the Agreements and

Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to submit its monthly fringe benefit contribution reports and failed to remit payment of all contributions due thereon for work performed on its behalf by beneficiaries of the Plaintiff Funds. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145.

2. On June 13, 2007, the parties met for a settlement conference to discuss resolution of the lawsuit.

3. On July 30, 2007, Magistrate Judge Martin C. Ashman entered the parties' Consent Decree incorporating the terms for settlement agreed to by the parties (a copy of the Consent Decree is attached hereto as Exhibit A).

4. Under the Consent Decree, Defendant acknowledged and agreed that it owed the total amount of $153,692.56 for contributions, liquidated damages, and attorneys' fees for the time period August 1, 2006 through April 30, 2007, as described in Paragraph 4 of the Consent Decree.

5. Defendant also acknowledged and agreed to remain current with respect to the submission of monthly contribution reports and payment of fringe benefit contributions that accrue.

6. Defendant agreed to make payment to the Plaintiffs of the amount specified in Paragraph 4 of the Consent Decree by way of an initial down payment of $25,063.89 due on July 1, 2007 and the remaining balance of $128,628.67 by way of the following payment schedule:

| Date Due | Amount due to Welfare Fund | Amount due to Pension Fund |
| --- | --- | --- |
| August 1, 2007 | $6,603.86 | $5,089.65 |
| September 1, 2007 | $6,603.86 | $5,089.65 |
| October 1, 2007 | $6,603.86 | $5,089.65 |

2

| **Date Due** | **Amount due to Welfare Fund** | **Amount due to Pension Fund** |
|---|---|---|
| November 1, 2007 | $6,603.86 | $5,089.65 |
| December 1, 2007 | $6,603.86 | $5,089.65 |
| January 1, 2008 | $6,603.86 | $5,089.65 |
| February 1, 2008 | $6,603.86 | $5,089.65 |
| March 1, 2008 | $6,603.86 | $5,089.65 |
| April 1, 2008 | $6,603.86 | $5,089.65 |
| May 1, 2008 | $6,603.86 | $5,089.65 |
| June 1, 2008 | $6,603.86 | $5,089.65 |

7. The Consent Decree provides that in the event the Defendant defaults, Plaintiffs shall be entitled to execution of the amount of the Judgment, plus all contributions and liquidated damages due according to subsequently submitted reports, including Plaintiffs' reasonable attorneys' fees incurred during the litigation of this matter and through enforcement of the terms of this Consent Decree, court costs, and liquidated damages against the Defendant, Riteway-Huggins Construction Services, Inc., and Larry Huggins, individually.

8. On August 9, 2007, Plaintiffs' counsel wrote to Defendant's counsel regarding the failure of the Defendant to abide by the terms of the Consent Decree (a copy of letter is attached hereto as Exhibit B). To date, Plaintiffs have not received the reports and contributions due for May 2007 to date or the installments due on August 1, 2007, September 1, 2007 and October 1, 2007 under the payment schedule.

9. The Defendant has failed to abide by the terms of the Consent Decree by failing to submit its monthly fringe benefit contribution reports for the months of May 2007 through the present, as required by Paragraph 10 of the Consent Decree and has also failed to submit its

installments due on August 1, 2007, September 1, 2007 and October 1, 2007, as required by Paragraph 9 of the Consent Decree.

10. For the foregoing reasons, the Plaintiffs hereby move the Court for the entry of an Order to reopen this case for the limited purpose of enforcing the terms of the Consent Decree, entering judgment Defendant, Riteway-Huggins Construction Services, Inc., and Larry Huggins, individually, and for an order directing Defendant to turn over monthly fringe benefit contribution reports for the time period May 2007 through the present date. Specifically, Plaintiffs request:

A. That judgment be entered in favor of Plaintiffs and against Defendant, Riteway-Huggins Construction Services, Inc., and Larry Huggins, individually, to include the amount of $128,628.67, being the total amount remaining due under the payment schedule in the Consent Decree for contributions, liquidated damages, and attorneys' fees and costs for the time period August 1, 2006 through April 30, 2007;

B. That judgment be entered in favor of Plaintiffs and against Defendant, Riteway-Huggins Construction Services, Inc., and Larry Huggins, individually, and to include the amount of $891.25 for Plaintiffs' reasonable attorneys' fees incurred to enforce the terms of the Consent Decree;

C. That judgment be entered in favor of Plaintiffs and against Defendant, Riteway-Huggins Construction Services, Inc., and Larry Huggins, individually, in the total amount of **$129,519.92;**

D. That Defendant, Riteway-Huggins Construction Services, Inc., submit its monthly fringe benefit contribution reports for the months of May 2007 through the present within fourteen (14) days of the entry of this Order, and that the Court enter final judgment against Defendant, Riteway-Huggins Construction Services, Inc., and Larry Huggins, individually, after Plaintiffs determine the additional amount due; and

E. That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/ Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs

BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 W. Adams Street, Suite 2200
Chicago, IL   60606-5231
Bar No.: 6288574
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-mail:  cscanlon@baumsigman.com

I:\731exc\Rite-Way\2006\motion to reopen.cms.df.wpd

# CERTIFICATE OF SERVICE

       The undersigned, an attorney of record, hereby certifies that on or before the hour of 5:00 p.m. this <u>15th day of October 2007</u>, she electronically filed the foregoing document (Motion to Reopen) with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

                Mr. James X. Bormes
                Law Office of James X. Bormes, P.C.
                8 S. Michigan, Suite 2600
                Chicago, IL   60603
                bormeslaw@sbcglobal.net

                /s/   Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\731exc\Rite-Way\2006\motion to reopen.cms.df.wpd